Scott S. Slater, Bar No. 117317
sslater@bhfs.cm
*Elisabeth L. Esposito, Bar No. 300983
eesposito@bhfs.com
Mary C. Loum, Bar No. 300542
mloum@bhfs.com
Bella K. Sewall, *pro hac vice pending*
bsewall@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
1415 L Street, Suite 800
Sacramento, CA 95814
Telephone:    916.594.9700
Facsimile:    916.594.9701

Attorneys for Proposed Defendant-Intervenors
Westlands Water District, Westlands Water District Distribution
District No. 1, and Westlands Water District Distribution District
No. 2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SAN FRANCISCO BAYKEEPER, CENTER FOR BIOLOGICAL DIVERSITY, and FRIENDS OF THE RIVER,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BUREAU OF RECLAMATION, NATIONAL MARINE FISHERIES SERVICE, DOUG BURGUM, in his official capacity as the Secretary of the Interior, HOWARD LUTNICK, in his official capacity as the Secretary of Commerce, and SCOTT CAMERON, in his official capacity as the Acting Commissioner of the U.S. Bureau of Reclamation,<br><br>Defendants,<br><br>and<br><br>WESTLANDS WATER DISTRICT, WESTLANDS WATER DISTRICT DISTRIBUTION DISTRICT NO. 1, and WESTLANDS WATER DISTRICT DISTRIBUTION DISTRICT NO. 2,<br><br>Proposed Defendant-Intervenors. | Case No. 2:26-CV-00671-AC<br><br>**WESTLANDS WATER DISTRICT, ET AL.'S NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        April 29, 2026<br>Time:        10:00 a.m.<br>Courtroom:   No. 26; Hon. Allison Claire<br><br>Assigned to the Hon. U.S. Magistrate Judge Allison Claire<br><br>Action filed: March 2, 2026<br>Trial date:     None set |

WESTLANDS WATER DISTRICT,
ET AL.'S NOTICE OF MOTION
AND MOTION TO INTERVENE

2:26-CV-00671-AC

50589587.7

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

# NOTICE OF MOTION AND MOTION

## TO THIS HONORABLE COURT AND COUNSEL FOR THE PARTIES:

**PLEASE TAKE NOTICE**, pursuant to Local Rule 230(b), that on April 29, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Magistrate Judge Allison Claire, at the United States District Court Eastern District of California located at 501 I Street, Sacramento, California 95814, Westlands Water District, Westlands Water District Distribution District No. 1, and Westlands Water District Distribution District No. 2 (collectively, "Westlands") will, and hereby do, move the Court for leave to intervene as defendants in the above-entitled action.

By this motion, Westlands seeks an order granting it leave to intervene as defendant in the above-entitled action pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, for intervention as of right, or alternatively, pursuant to Rule 24(b), for permissive intervention. Westlands' counsel notified Plaintiffs' counsel of its intent to move to intervene on March 19, 2026. Plaintiffs' counsel indicated that while Plaintiffs do not dispute the timeliness of Westlands' proposed motion, Plaintiffs cannot assess what Westlands' interests are in this litigation, how those interests would be impacted by this suit, nor why the Federal Defendants would not reasonably protect and represent those interests. Plaintiffs also requested coordination between Westlands and other proposed intervenors to limit the burden on Plaintiffs and the court in responding to and resolving serial requests to intervene.

The Court should grant the Motion to Intervene as of right under Rule 24(a)(2) because Westlands satisfies all four intervention factors. By virtue of its water repayment contracts with the United States, under which Westlands receives water from the Central Valley Project ("CVP"), the operations of which are the subject of this action, Westlands claims a vital, protectable interest relating to the property or transaction that is the subject of the action. Moreover, Westlands has protectable statutory rights related to its involvement in consultations related to operations of the CVP. As a practical matter, resolution of this action in Plaintiffs' favor would likely limit the supply of CVP water available to Westlands under its repayment

WESTLANDS WATER DISTRICT,
ET AL.'S NOTICE OF MOTION                - 2 -                    2:26-CV-00671-AC
AND MOTION TO INTERVENE

50589587.7

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

contracts and thereby impair Westlands' interests. For the reasons set forth more fully in the memorandum in support of this motion, Westlands' interests are not adequately represented by the Federal Defendants because the federal agencies are not directly impacted by potential reduced CVP water deliveries. Federal agencies hold broad obligations and lack identical interests to California public water agencies, like Westlands, and the growers and other customers served by Westlands, who hold economic interests that will be harmed through the litigation. Finally, this Motion is timely because Plaintiffs recently filed their complaint on March 2, 2026, and no party has yet answered. ECF No. 1 (Complaint for Declaratory and Injunctive Relief). Because no party has yet answered and no briefing schedule is in place, there is ample time for Westlands to intervene in this case without an adverse effect on any party or the Court. Thus, intervention as of right is warranted.

In the alternative, this Court may grant permissive intervention under Rule 24(b) because Westlands' claims and defenses share common questions of law and fact with the main action here.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Allison Febbo and its exhibits, a proposed answer in intervention, a proposed order, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

WHEREFORE, Westlands requests the Court grant the instant Motion, and grant Westlands leave to intervene.

Dated: March 20, 2026        BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: */s/ Elisabeth L. Esposito*
Elisabeth L. Esposito

Attorneys for Proposed Defendants-Intervenor Westlands Water District, Westlands Water District Distribution District No. 1, and Westlands Water District Distribution District No. 2

WESTLANDS WATER DISTRICT, ET AL.'S NOTICE OF MOTION AND MOTION TO INTERVENE        - 3 -        2:26-CV-00671-AC

50589587.7

## TABLE OF CONTENTS

I.    Introduction ........................................................................................................... 7

II.    Background .......................................................................................................... 9

    A.    The Central Valley Project ............................................................................ 9

    B.    Westlands ...................................................................................................... 10

    C.    The 2024 Update to the Long-Term Operation of the CVP and Action 5 ......................... 12

    D.    Plaintiffs' Requested Relief will Significantly Impact the Interests of Westlands and the Communities it Serves. .................................................. 14

III.    Argument ........................................................................................................... 14

    A.    Westlands Should be Granted Intervention as of Right .................................. 15

        1.    This Motion is Timely ............................................................................. 15

        2.    Westlands Has Significant Protectable Interests Relating to CVP Operations and Water Supplies Which are the Subject of This Litigation. .................................. 16

        3.    Westlands' Interests Would be Substantially Affected by Disposition of this Action. . 19

        4.    Westlands' Interests Are Not Adequately Represented by Existing Parties ................ 20

    B.    In the Alternative, Westlands Should be Granted Permissive Intervention ..................... 22

IV.    Conclusion ......................................................................................................... 24

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

WESTLANDS WATER DISTRICT,
ET AL.'S NOTICE OF MOTION                - 4 -                2:26-CV-00671-AC
AND MOTION TO INTERVENE

50589587.7

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Allied Concrete & Supply Co. v. Baker,*
904 F.3d 1053 (9th Cir. 2018).................................................................................21

*California ex rel. Lockyer v. United States,*
450 F.3d 436 (9th Cir. 2006)........................................................................... 15, 20

*California Trout, Inc. v. U.S. Bureau of Reclamation,*
115 F. Supp. 3d 1102 (C.D. Cal. 2015) .................................................................15

*Californians for Safe & Competitive Dump Truck Transp. v. Mendonca,*
152 F.3d 1184 (9th Cir. 1998).................................................................................21

*Central Delta Water Agency v. United States,*
306 F.3d 938 (9th Cir. 2002)....................................................................................9

*Citizens for Balanced Use v. Montana Wilderness Ass'n,*
647 F.3d 893 (9th Cir. 2011)...................................................................................20

*Donaldson v. United States,*
400 U.S. 517 (1971) ................................................................................................16

*Donnelly v. Glickman,*
159 F.3d 405 (9th Cir. 1998)...................................................................................15

*Forest Conservation Council v.U.S. Forest Service,*
66 F.3d 1489 (9th Cir. 1995)...................................................................................20

*Georgia v. U.S. Army Corps of Eng'rs,*
302 F.3d 1242 (11th Cir. 2002)...............................................................................21

*Greene v. United States,*
996 F.2d 973 (9th Cir. 1993)...................................................................................16

*Hoopa Valley Tribe v. U.S. Bureau of Reclamation,*
648 F.Supp.3d 1196 (E.D. Cal. 2022).....................................................................21

*Idaho Farm Bureau Fed'n v. Babbitt,*
58 F.3d 1392 (9th Cir. 1995)...................................................................................15

*Kootenai Tribe of Idaho v. Veneman,*
313 F.3d 1094 (9th Cir. 2002).................................................................................22

*Laub v. U.S. Dep't of the Interior,*
342 F.3d 1080 (9th Cir. 2003).................................................................................17

*Natural Resources Defense Council v. Haaland,*
102 F.4th 1045 (9th Cir. 2024) .................................................................................9

*North Coast Rivers Alliance v. Westlands Water Dist.,*
179 Cal. Rptr. 3d 229 (Ct. App. 2014).....................................................................11

*Nw. Forest Res. Council v. Glickman,*
82 F.3d 825 (9th Cir. 1996).....................................................................................15

*San Luis & Delta-Mendota Water Authority v. Locke,*
776 F.3d 971 (9th Cir. 2014).....................................................................................9

*Sierra Club v. Espy,*
18 F.3d 1202 (5th Cir. 1994)...................................................................................22

*Sierra Club v. U.S. E.P.A.,*
995 F.2d 1478 (9th Cir. 1993).................................................................................15

WESTLANDS WATER DISTRICT,
ET AL.'S NOTICE OF MOTION              - 5 -                      2:26-CV-00671-AC
AND MOTION TO INTERVENE

50589587.7

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

*Smith v. Los Angeles Unified Sch. Dist.*,
830 F.3d 843 (9th Cir. 2016)............................................................................................ 15

*Southwest Center for Biological Diversity v. Berg*,
268 F.3d 810 (9th Cir. 2001)...................................................................................... passim

*State Water Res. Control Bd. Cases*,
39 Cal. Rptr. 3rd 189 (Ct. App. 2006) ............................................................................ 11

*Sw. Ctr. for Biological Diversity v. Babbitt*,
150 F.3d 1152 (9th Cir. 1998).......................................................................................... 20

*U.S. Fish & Wildlife Serv.*,
No. 21-16382, 2022 WL 3656444 (9th Cir. Aug. 24, 2022) ............................................ 23

*United States v. Carpenter*,
298 F.3d 1122 (9th Cir. 2002).......................................................................................... 15

*United States v. City of Los Angeles*,
288 F.3d 391 (9th Cir. 2002)............................................................................................ 16

*W. Watersheds Project v. Haaland*,
22 F.4th 828 (9th Cir. 2022) ............................................................................................ 15

*Westlands Water Dist. v. United States*,
805 F. Supp. 1503 (E.D. Cal. 1992).................................................................................. 16

*Wilderness Soc'y v. U.S. Forest Serv.*,
630 F.3d 1173 (9th Cir. 2011)..................................................................................... passim

**Statutes**

5 U.S.C. § 706(1) ............................................................................................................ 8, 9
16 U.S.C. § 1531(c)(2)......................................................................................................... 18
16 U.S.C. § 1536 ................................................................................................................... 8
16 U.S.C. § 1536(a)(2) ......................................................................................................... 13
Cal. Water Code § 1702 ....................................................................................................... 11
Cal. Water Code § 36460 ..................................................................................................... 11
Cal. Water Code § 35408 ..................................................................................................... 10
Cal. Water Code § 35409 ..................................................................................................... 10
Pub. L. No. 102-575, 106 Stat. 4706..................................................................................... 9
Pub. L. No. 114-322............................................................................................................ 13, 18
Pub. L. No. 75-397, 50 Stat. 844, 850.................................................................................... 9

**Rules**

Fed. R. Civ. P. Rule 24 .................................................................................................. passim

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

WESTLANDS WATER DISTRICT,
ET AL.'S NOTICE OF MOTION      - 6 -                    2:26-CV-00671-AC
AND MOTION TO INTERVENE

50589587.7

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

The federal Central Valley Project ("CVP") is one of the world's largest water supply projects, delivering more than 7 million acre-feet of water to supply irrigated agriculture, municipalities, and fish and wildlife needs, among other important purposes. For Proposed Intervenors Westlands Water District, Westlands Water District Distribution District No. 1, and Westlands Water District Distribution District No. 2 (collectively, "Westlands" or the "District"), CVP water is the lifeblood of community and economic activity within the approximately 614,000 acres encompassed by the District. Westlands is not only the largest CVP contractor, it also holds contractual entitlements to more than half of the CVP's South-of-Delta water supply. Growers served by Westlands produce more than 60 high-quality food and fiber crops on some of the most highly productive agricultural lands in the world. Westlands also provides water for municipal and industrial uses, including for use by disadvantaged communities, and to Naval Air Station Lemoore.

Due to regulatory restrictions, many of which are intended to protect fisheries, hydrologic conditions, and operational decisions by the United States Bureau of Reclamation ("Reclamation"), California's farms, communities, and wildlife have all seen the quantity and reliability of their CVP water supply eroded. In the past 25 years, South-of-Delta CVP agricultural water service and repayment contractors like Westlands have rarely received a 100 percent allocation of their contractual entitlement to CVP water. Over the last 15 years, Westlands' allocations have averaged only approximately 39 percent of full entitlement.

The regulations limiting CVP water supply, however, have not served the species they were intended to protect, whose populations have declined significantly. Westlands is therefore keenly interested in the health of fish native to California. Improvements in native fish populations will undoubtedly improve the reliability, if not the quantity, of water available to Westlands and the communities it serves. For these reasons, Westlands has invested significantly in efforts to advance fisheries science and to improve habitat and the environment. Most recently,

WESTLANDS WATER DISTRICT,
ET AL.'S NOTICE OF MOTION                    - 7 -                    2:26-CV-00671-AC
AND MOTION TO INTERVENE

50589587.7

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

in September 2025, Westlands adopted an Accountability Strategy for Investments in Fisheries, focused on ensuring that investments in fishery resources are directly linked to tangible environmental outcomes and grounded in the best available science. The purpose of the Accountability Strategy is to ensure that environmental protections remain robust while water supply improves.

Westlands has also been active in the federal administrative processes led by Reclamation under the National Environmental Policy Act ("NEPA") and the Endangered Species Act ("ESA") that impact the long-term operations of the CVP. As is related to this proceeding, in 2024, the National Marine Fisheries Service ("NMFS") issued a biological opinion (the "2024 BiOp"), pursuant to section 7 of the ESA, 16 U.S.C. § 1536, which authorized the take of listed fish species that is incidental to operations of the CVP, subject to certain restrictions intended to protect such species and ensure that operation of the CVP does not jeopardize the continued existence of those species.[1] Pursuant to NEPA, Reclamation prepared an Environmental Impact Statement ("EIS") analyzing the potential environmental impacts from multiple alternatives for long-term operations of the CVP. In December of 2024, Reclamation adopted an update to the long-term operations of the CVP, which is referred to as Action 5.

In this action, Plaintiffs allege that Reclamation's operation of the CVP violates sections 7 and 9 of the ESA, and relevant implementing regulations, because such operations fail to conform with the 2024 BiOp and incidental take statement ("ITS"). ECF No. 1 (Complaint for Declaratory and Injunctive Relief ("Compl.")) ¶¶ 106, 119. As such, Plaintiffs allege that Reclamation and NMFS are required to reinitiate section 7 consultation. Compl. ¶ 114. Plaintiffs contend that failure to reinitiate section 7 consultation also constitutes agency action unlawfully withheld and unreasonably delayed in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1). *Id*. Plaintiffs seek declaratory relief and injunctive relief in the form of an order that Reclamation operate the CVP in compliance with the 2024 BiOp pending issuance of a new biological opinion.

---

[1] The United States Fish and Wildlife Service ("FWS") issued a companion biological opinion covering listed species within that agency's jurisdiction. Plaintiffs' Complaint does not challenge Reclamation's operations pursuant to that biological opinion.

WESTLANDS WATER DISTRICT, ET AL.'S NOTICE OF MOTION AND MOTION TO INTERVENE

- 8 -

2:26-CV-00671-AC

50589587.7

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

*Id.*, Prayer. The rulings and relief Plaintiffs seek are unwarranted and, if granted, would frustrate the CVP's ability to operate to serve its multiple purposes, including delivery of water for agricultural, municipal, and industrial uses within Westlands.

For these reasons detailed below, Westlands meets the requirements of Federal Rules of Civil Procedure Rule 24(a) for intervention as of right, as courts have held many times before in other similar cases involving the CVP. This motion is timely. Westlands' interests are recognized by contract and statute and are legally protectable interests that support intervention. Disposition of this action in Westlands' absence may impair or impede the District's ability to protect its interests. Westlands' interests cannot be adequately represented by any existing party to this action. Accordingly, Westlands should be granted leave to intervene as of right under Rule 24(a). In the alternative, Westlands should be granted permissive intervention under Rule 24(b).

## II.   BACKGROUND

### A.   The Central Valley Project

The CVP is the "largest federal water management project in the United States." *Natural Resources Defense Council v. Haaland*, 102 F.4th 1045, 1054 (9th Cir. 2024) (citation omitted). It is a system of reservoirs, canals, dams, and pumps that convey water through the Sacramento-San Joaquin Delta ("Delta") and delivers it to users in the Central Valley. *Id.* Reclamation is the federal agency that manages operations of the CVP. See *San Luis & Delta-Mendota Water Authority v. Locke*, 776 F.3d 971, 984 (9th Cir. 2014).

The CVP is used for agricultural, municipal, industrial and environmental protection purposes. *Central Delta Water Agency v. United States*, 306 F.3d 938, 943 (9th Cir. 2002). Its priorities are defined by Section 2(a) of the 1937 Rivers and Harbors Act, Pub. L. No. 75-397, 50 Stat. 844, 850 ("1937 Act"), as amended by the Central Valley Project Improvement Act, Pub. L. No. 102-575, 106 Stat. 4706 ("CVPIA") Section 2(a), which provides that the CVP "shall be used first, for river regulation, improvement of navigation, and flood control; second, for irrigation and domestic uses and fish and wildlife mitigation, protection, and restoration purposes; and third, for power and fish and wildlife enhancement." CVPIA § 3406(a). Accordingly, the CVP serves

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

farms, homes, and industry in California's Central Valley including areas served by Westlands.

### B.    Westlands

Westlands is a California water district created by the California Legislature by enactment of the Westlands Water District Merger Law, Cal. Water Code, §§ 37800, et seq., to promote the state's "supreme interest" in securing to the inhabitants and property owners within and adjacent to the federal service area of the San Luis unit of the CVP the greatest possible use and conservation of the waters available from the CVP, "thereby assuring that the greatest productivity of the largest possible area may be accomplished and safely carried on within reasonable limits of economy." Cal. Water Code, § 37801. The Legislature designated Westlands "a public agency of the state," Cal. Water Code, § 37823, and the District is authorized to intervene in any proceeding involving or affecting the ownership or use of water within the District, or its water supplies. Cal. Water Code §§ 35408, 35409; Declaration of Allison Febbo of Westlands in Supp. of Mot. to Intervene ("Febbo Decl.") ¶ 3.

Westlands' principal office is located in Fresno, California, and its service area is in western Fresno and Kings counties and encompasses approximately 614,000 acres that include some of the most highly productive agricultural lands in the world. Febbo Decl. ¶ 4. Growers in Westlands produce more than sixty high-quality food and fiber crops, including almonds, pistachios, tomatoes, cotton, grapes, melons, wheat, lettuce, and onions. *Id.* Farms in Westlands produce an average of more than $1 billion worth of food and fiber annually, generate more than twice that in farm-related economic activity in some years,[2] and contribute significantly to nine of the State of California's top 15 exported agricultural commodities. *Id*. Westlands provides water primarily for irrigation but also provides water for some municipal and industrial uses, including for use by disadvantaged communities, and to the Naval Air Station Lemoore. *Id*. at ¶ 5. Water deliveries from the CVP are the principal source of water for users in Westlands' service area, and the economic foundation of the communities served by Westlands, where water supply

---

[2] In 2019, a year when Westlands received a CVP water allocation of 75 percent, estimated crop value was $1.9 billion and Westlands' overall economic impact was $4.7 billion. Febbo Decl. ¶ 11.

WESTLANDS WATER DISTRICT,
ET AL.'S NOTICE OF MOTION                    - 10 -                    2:26-CV-00671-AC
AND MOTION TO INTERVENE

50589587.7

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

reliability is integral to agricultural activities that in years with sufficient water supply generate over 35,000 jobs. *Id.* at ¶ 11.

Westlands initially assigned its water rights to Reclamation in 1960, and in exchange was guaranteed a water supply through a long-term contract. Febbo Decl. ¶ 8. Since assigning its water rights application to the United States, Westlands has contracted with Reclamation to receive water from the CVP, which Westlands then provides to customers in its service area. In total, Westlands holds contractual entitlements to approximately 1.2 million acre-feet of the CVP water supply, making it not only the largest CVP contractor, but also the largest South-of-Delta water service and repayment contractor. *Id.* [3] These include contractual entitlements held by Westlands itself as well as Westlands Water Distribution District No 1. ("DD1"), and Westlands Water Distribution District No. 2 ("DD2").[4] Given its vested contractual rights to receive CVP water, the California Court of Appeal in the *State Water Res. Control Bd. Cases*, 39 Cal. Rptr. 3rd 189, 289-291 (Ct. App. 2006), recognized that Westlands is a "legal user of water" within the meaning of Cal. Water Code § 1702.

Due to regulatory restrictions, hydrologic conditions, and Reclamation's operation of the CVP, South-of-Delta contractors have regularly received less than 100 percent of their CVP contract supply.[5] Westlands has received its full contractual entitlement to CVP water in only four of the past 29 years. Febbo Decl. ¶ 9. Indeed, over the last 15 years Westlands' CVP allocations have averaged approximately 39 percent of full entitlement. *Id*. In years when CVP water supplies are insufficient to meet Westlands' water needs, Westlands seeks to supplement

---

[3] South-of-Delta water service and repayment contractors account for approximately 2.09 million acre-feet of the CVP's contracted water, with Westlands accounting for the majority of this total. Charles V. Stern et al., *Central Valley Project: Issues and Legislation*, CRS Report R45342, at 36 (updated Mar. 11, 2026), available at https://www.congress.gov/crs-product/R45342.

[4] The history and purpose of these distribution districts, which are distinct public entities from Westlands Water District, is explained in *North Coast Rivers Alliance v. Westlands Water Dist.*, 179 Cal. Rptr. 3d 229, 241-242 (Ct. App. 2014). *See also* Cal. Water Code § 36460 ("Land within a water district, which need not be contiguous, may be formed into a distribution district for the purpose of contracting with the United States . . . .").

[5] Stern et al., *supra,* at 13.

WESTLANDS WATER DISTRICT, ET AL.'S NOTICE OF MOTION AND MOTION TO INTERVENE                - 11 -                2:26-CV-00671-AC

50589587.7

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

available CVP contract entitlement with water made available through transfers and exchanges, which has associated economic costs. *Id.* at ¶ 13.

Historically, there has also been a direct inverse relationship between the availability of Westlands' CVP contract for surface water and the amount of groundwater pumped by growers and other landowners within the Westside Subbasin. *Id.* at ¶ 14. The greater the availability of surface water in any year, the less reliance there is on groundwater in the Westside Subbasin to meet overlying demands in that year. *Id.* Conversely, the less surface water is available in any year, the greater reliance there is on groundwater in the Westside Subbasin to meet overlying demands in that year. *Id.* In times of shortage, Westlands and the users it serves suffer impacts such as increased land fallowing, increased costs and higher risks for acquiring supplemental supplies, increased groundwater pumping (with attendant impacts), increased soil salinity, increased energy use, increased water costs for disadvantaged communities, permanent crop damage, increased unemployment, and reduced air quality. *Id.* at ¶ 16.

Given its interest in both ensuring reliability of its water supply and scientifically-supported management of ESA-listed species, Westlands actively participated in the approval processes for the 2024 BiOp, related NEPA review, and Action 5, as discussed further below. Westland submitted multiple comment letters over the course of Reclamation's and NMFS's review of these actions. Febbo Decl. ¶¶ 20–21. Additionally, Westlands closely tracks CVP operational compliance with the 2024 BiOp to evaluate anticipated impacts to its future water deliveries. *Id.* at ¶ 24.

**C.      The 2024 Update to the Long-Term Operation of the CVP and Action 5**

A series of biological opinions have governed the coordinated long-term operations of the CVP and State Water Project ("SWP"). In 2016, Reclamation reinitiated consultation with NMFS on its biological opinion issued, along with FWS' companion biological opinion, between 2008 to 2009. This process concluded with issuance of new biological opinions in 2019 and Reclamation completing a Record of Decision ("ROD") on the related EIS in 2020. The 2024 BiOp updates the NMFS' 2019 biological opinion. These biological opinions incorporate measures to ensure

WESTLANDS WATER DISTRICT,
ET AL.'S NOTICE OF MOTION                    - 12 -                    2:26-CV-00671-AC
AND MOTION TO INTERVENE

50589587.7

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

Reclamation's proposed operations of the CVP will comply with the requirements of section 7 of the ESA. *See* 16 U.S.C. § 1536(a)(2).

Pursuant to Section 4004 of the Water Infrastructure Improvements for the Nation Act ("WIIN Act"), Pub. L. No. 114-322, tit. III § 4004(a) 130 Stat. 1628 (2016), Reclamation and NMFS must provide public water agencies that contract for delivery of water from the CVP or SWP with opportunity to review all biological assessments and biological opinions developed "in any consultation or reconsultation on the coordinated operations of the Central Valley Project." Pub. L. No. 114-322, § 4004(a).[6] This provision reflects Congress's concern that the entities served by these critical water projects have a meaningful opportunity to participate in the development of operations plans and environmental studies. Westlands participated in the consultations that resulted in the 2024 BiOp. Febbo Decl. ¶ 17. Additionally, Westlands submitted numerous comments during the administrative process resulting in the 2024 ROD. *Id.* These included a comment on September 9, 2024, on the draft EIS and a comment on August 12, 2024, on the draft NMFS biological opinion. *Id.* at ¶ 20.

In December of 2025, Reclamation updated its operational plan to incorporate what is colloquially referred to as "Action 5." Febbo Decl. ¶ 21. Action 5 presents a scientifically sound approach to minimizing adverse water supply and economic impacts, as well as lessening impacts on groundwater resources, while still avoiding jeopardy to listed species or adverse modification of critical habitat. *Id.* at ¶ 22. It made adjustments to the CVP operational plan within the scope of the project as analyzed in the 2024 BiOp and EIS to improve the daily administration processes of the CVP in a way that maximizes water supply while still avoiding significant population level impacts to aquatic species. *Id.* at ¶ 21–22. Importantly, Action 5 allows further refinement of the management and operation of the CVP in a manner that can make the best use of best commercially available science. *See id.*

---

[6] Because it contracts with Reclamation to receive CVP water, Westlands is "a public agency that contracts for the delivery of water from the Central Valley Project." P.L 114-322, § 4004(a).

WESTLANDS WATER DISTRICT, ET AL.'S NOTICE OF MOTION AND MOTION TO INTERVENE — 13 — 2:26-CV-00671-AC

50589587.7

**D.** **Plaintiffs' Requested Relief will Significantly Impact the Interests of Westlands and the Communities it Serves.**

The Complaint alleges that Reclamation violated sections 7 and 9 of the ESA by not complying with the terms of the 2024 BiOp and failing to initiate reconsultation. Compl. ¶ 106, 112, 119. Westlands disputes that any such violation occurred or will occur. Through this litigation Plaintiffs seek changes to Reclamation's operation of the CVP that will negatively impact Westlands' interests in supplying CVP water to the farmers and communities it serves and in reducing groundwater pumping in an overdrafted groundwater basin. Plaintiffs' claims focus on unsupported assertions that increasing CVP deliveries to water districts like Westlands would likely violate the requirements of the 2024 BiOp. *Id.* at ¶ 95. In the Prayer for Relief at the end of the Complaint, Plaintiffs ask that "Reclamation operate the CVP in strict compliance with the terms and conditions of the 2024 BiOp until it completes the reinitiation process and obtains a new, updated biological opinion." *Id.*, Prayer. The complaint does not specify if Plaintiffs seek specific changes to CVP operations pending reinitiation of consultation, but it seems apparent that Plaintiffs believe existing levels of CVP diversions from the Delta and any changes to those levels with implementation of Action 5 would violate the ESA and should be modified. *See id.* at ¶ 90, 100, 117. Any changes to current CVP operations would negatively impact Westlands' CVP water deliveries.

**III. ARGUMENT**

Intervention as a matter of right under Rule 24(a) is warranted where the applicant: (1) timely files its intervention motion; (2) asserts an interest relating to the property or transaction which is the subject of the action; (3) is so situated that without intervention, the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) holds an interest not adequately represented by the existing parties. Fed. R. Civ. P. 24(a)(2). Rule 24(a)(2) "does not require a specific legal or equitable interest." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (*en banc*). "'It is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

and the claims at issue.'" *Id.* (quoting *Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1484 (9th Cir. 1993). An applicant's interest in the litigation is sufficient under Rule 24(a) if "'it will suffer a practical impairment of its interests as a result of the pending litigation.'" *Id.* (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006).

Courts construe Rule 24 broadly in favor of intervention, and are guided "primarily by practical and equitable considerations." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *see also Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) ("In general, we construe Rule 24(a) liberally in favor of potential intervenors."). Further, courts accept as true well-pled, nonconclusory allegations submitted in the motion and supporting documents. *Southwest Center*, 268 F.3d at 819–820 (9th Cir. 2001). Westlands meets the requirements for intervention as of right under Rule 24(a).

### A.   Westlands Should be Granted Intervention as of Right

#### 1.   This Motion is Timely.

Timeliness is a totality of the circumstances analysis focusing on three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016); *see also United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002). The key consideration is whether intervention will prejudice the existing parties. *See W. Watersheds Project v. Haaland*, 22 F.4th 828, 839 (9th Cir. 2022).

Westlands' motion is timely under these criteria. Plaintiffs filed their Complaint less than three weeks ago, on March 2, 2026. The Federal Defendants have not answered the Complaint, no substantive orders have been issued, no substantive briefing has occurred, and the initial case management conference has not yet been scheduled. See, e.g., *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (intervention motion was held timely when it was filed shortly after the complaint was filed); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (holding a motion to intervene timely when filed "before any hearings or rulings on substantive matters"); *California Trout, Inc. v. U.S. Bureau of Reclamation*, 115 F.

WESTLANDS WATER DISTRICT, ET AL.'S NOTICE OF MOTION AND MOTION TO INTERVENE
- 15 -
2:26-CV-00671-AC

50589587.7

Supp. 3d 1102, 1118 (C.D. Cal. 2015) (agreeing a motion was timely when filed before defendants responded to the complaint and before court has substantively engaged on any issues). There has been no delay and granting intervention will not prejudice the parties given Westlands is seeking to intervene at the very outset of this litigation. Westlands' motion is timely.

**2.      Westlands Has Significant Protectable Interests Relating to CVP Operations and Water Supplies Which are the Subject of This Litigation.**

Rule 24(a)(2) requires that an applicant for intervention have a protectable interest relating to the subject of the lawsuit. *Donaldson v. United States*, 400 U.S. 517, 531 (1971). This requirement is a "practical, threshold inquiry" used to "dispos[e] of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) (internal quotation marks and citation omitted). There is no "clear-cut [test] or bright-line rule" for determining whether a movant has such an interest. *Id.; see also Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993) ("No specific legal or equitable interest need be established."). It is generally enough that the proposed intervenor's interest "is protectable under some law" and "there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc'y*, 630 F.3d at 1180 (internal quotation marks omitted). Westlands meets this requirement because the District has protectable interests in CVP operations and water supplies, as described below. These rights are based on Westlands' contract with the United States, on statutory language recognizing the interest of Westlands and other CVP contractors in consultations under the ESA, and on Westlands' responsibilities under the Westlands Water District Merger Law.

Reclamation has entered into contracts under which Reclamation has a contractual obligation to deliver a quantity of water to Westlands from the CVP. *Westlands Water Dist. v. United States*, 805 F. Supp. 1503, 1511–13 (E.D. Cal. 1992). That contract provides both Reclamation and Westlands with specified obligations and rights that flow from the contract. Westlands has a right to protect the water supplies that Reclamation has assumed a duty to

WESTLANDS WATER DISTRICT,
ET AL.'S NOTICE OF MOTION            - 16 -            2:26-CV-00671-AC
AND MOTION TO INTERVENE

50589587.7

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

provide under the contract. *See Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1086 (9th Cir. 2003) (recognizing that an adverse impact to CVP water supplies is an "invasion of a legally protected particularized interest"); *Southwest Center*, 268 F.3d at 820 ("Contract rights are traditionally protectable interests supporting intervention as of right.").

Article 1(f) of Westlands' contract defines the "Contract Total" as "the maximum amount of water to which [Westlands] is entitled under subdivision (a) of Article 3 of this Contract." Febbo Dec. Exh. A.. In turn, Article 3(a) provides that:

> During each Year, consistent with all applicable State water rights permits, and licenses, Federal law, and subject to the provisions set forth in Articles 11 and 12 of this Contract, the Contracting Officer shall make available for delivery to the Contractor 1,150,000 acre-feet of Project Water for irrigation and M&I purposes. . . .

*Id.* at ¶ 8 & Exh. A. Reclamation, in other words, has a mandatory obligation ("shall") to deliver to Westlands its 1,150,000 acre-foot contract total, unless precluded by state water rights permits and licenses or federal law, or unless excused by Articles 11 and 12 of the Contract. By this lawsuit, Plaintiffs seek to interpret federal law (the ESA), in such a manner as to constrain the operations of the CVP to reduce the water supply delivered to Westlands and other contractors.

The Ninth Circuit has held that an entity whose contractually-based entitlements may be impaired as a result of the outcome of litigation has a "protectable interest" for purposes of intervention in an ESA suit. *Southwest Center*, 268 F.3d at 820. In *Southwest Center for Biological Diversity v. Berg*, non-governmental organizations sued the United States and the City of San Diego seeking to invalidate the incidental take permit issued by the United States based on a habitat conservation plan that would allow development on lands inhabited by endangered species. A construction company and several building trade associations moved to intervene. *Id.* at 817. The Ninth Circuit held that the construction company had sufficiently shown that five construction projects that the construction company had ongoing could be affected if the permit was found to have been issued in violation of the ESA and invalidated, and that this raised "sufficient legally protectable interests to support intervention as of right." *Id.* at 820. The Ninth

WESTLANDS WATER DISTRICT, ET AL.'S NOTICE OF MOTION AND MOTION TO INTERVENE

- 17 -

2:26-CV-00671-AC

50589587.7

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

Circuit found that the trade associations had likewise established a legally protectable interest that could be affected, based on allegations that their members had projects in the permit approval pipeline that depended on the challenged habitat conservation plan for their incidental take authority. *Id*. at 821–22.

Furthermore, Westlands has a statutorily protected interest in the ESA consultation process related to CVP operations. This was established originally in section 2(c)(2) of the ESA, which provides that "Federal agencies shall cooperate with State and local agencies to resolve water resource issues in concert with conservation of endangered species." 16 U.S.C. § 1531(c)(2). However, Congress has given specific direction to Federal agencies conducting ESA consultations regarding the CVP. In section 4004 of the WIIN Act, enacted in 2016, Congress directed that when conducting ESA consultations regarding coordinated operations of the CVP and SWP, "any public water agency that contracts for the delivery of water from the Central Valley Project or the State Water Project that so requests" must be able to able to participate in a list of specific ways in the consultations. WIIN Act, Pub. L. No. 114-322, tit. III, § 4004 (2016). The listed procedural rights for CVP contractors include having an opportunity to comment on draft biological opinions and being provided an explanation from the federal agencies regarding the basis for any proposed reasonable and prudent alternatives. *Id*. Westlands, along with other public water agencies that contract for water from the CVP, participated in the consultations that resulted in the 2024 BiOp as provided for by section 4004. Febbo Decl. ¶ 17. This statutorily-protected right to participate in consultations provides a strong basis for Westlands and similarly-situated CVP contractors to be able to intervene as of right in this litigation interpreting the requirements of the 2024 BiOp.

As noted above, Westlands was created by an enactment of the California Legislature, which recognized the benefits to the state and its people of the maximum beneficial use of water within the District:

> The state and the people thereof have a primary and supreme interest in securing to the inhabitants and property owners within and adjacent to the federal service area of the San Luis unit of the

WESTLANDS WATER DISTRICT, ET AL.'S NOTICE OF MOTION AND MOTION TO INTERVENE                    - 18 -                    2:26-CV-00671-AC

50589587.7

Central Valley project now under construction by the United States the greatest possible use and conservation of the waters to be made available from said unit and the greatest use thereof to the area, thereby assuring that the greatest productivity of the largest possible area may be accomplished and safely carried on within reasonable limits of economy. Cal. Water Code, § 37801.

In enacting the Westlands Water District Merger Law, the Legislature declared that enactment of the law was "necessary for the proper distribution, use, and control of the natural supplies of water" to be made available from the CVP, which could not be accomplished by a "general law." Cal. Water Code, § 37802. Thus, Westlands is unique among California water districts and has a unique interest in ensuring CVP water is available for maximum beneficial use.

Based on its protected interests in CVP water supply, Westlands has previously been granted leave to intervene in a number of other cases involving the CVP. See, e.g., *Friant Water Authority v. Jewell*, Case No. 1:14-cv-00765-LJO-BAM (E.D. Cal. 2014); *AquAlliance v. U.S. Bureau of Reclamation*, Case No. 1:14-cv-00945-LJ0-BAM (E.D. Cal. 2014); *Tehama-Colusa Canal Authority v. U.S. Department of Interio*r, Case No. 1:10-cv-00712-OWW-DLB (E.D. Cal. 2010); *Natural Resources Defense Council v. Norton*, Case No. 4:05-cv-00690-CW (N.D. Cal 2005); *Pacific Coast Federation of Fishermen's Associations v. Gutierrez*, Case No. 3:05-cv-3232-JCS (N.D. Cal. 2005); *Natural Resources Defense Council v. McCarthy*, Case No. 4:16-cv-2184-JST (N.D. Cal. 2016); *Natural Res. Defense Council v. Bernhardt*, 1:05-CV-1207-DAD-EPG (Doc. No. 213).

Westlands has legally protectable interests relating to the subject of the action, and therefore meets the second requirement for intervention as of right.

### 3. Westlands' Interests Would be Substantially Affected by the Disposition of this Action.

"'[I]f an absentee would be substantially affected in a practical sense by the determination made in an action, [they] should, as a general rule, be entitled to intervene.'" *Southwest Center*, 268 F.3d at 822 (quoting Rule 24 advisory committee's notes). This burden is minimal and courts

WESTLANDS WATER DISTRICT,
ET AL.'S NOTICE OF MOTION          - 19 -          2:26-CV-00671-AC
AND MOTION TO INTERVENE

50589587.7

recognize that the third factor of Rule 24(a) often follows as a matter of course if the second element is met. *See, e.g.*, *California ex rel. Lockyer*, 450 F.3d at 442 ("Having found that appellants have a significant protectable interest, we have little difficulty concluding that the disposition of this case may, as a practical matter, affect it.").

Here, Plaintiffs' requested relief would have a legal and practical effect on the interests of Westlands. Febbo Dec. ¶¶ 23–24. Plaintiffs' requested remedy would impact CVP operations, including diversions to South-of-Delta water users like Westlands. *Id.* at ¶ 24. This would impair Westlands' contractual right to water deliveries from the CVP and impact its obligation to service water to users in the District. *Id.* Reductions in water supply would have economic impacts. *Id.* at ¶¶ 11–12. Without participating in this action, Westlands will have no means to avoid the impact of any judgement entered by the court, which the federal agencies would be bound to comply with. Accordingly, Westlands satisfies the third requirement for intervention as of right.

### 4.   Westlands' Interests Are Not Adequately Represented by Existing Parties.

Finally, Westlands is not adequately represented in this case by the existing parties. The burden to demonstrate inadequacy of representation is "minimal" and satisfied if the applicant can demonstrate that representation of its interests "may be inadequate." *Forest Conservation Council v.U.S. Forest Service*, 66 F.3d 1489, 1498 (9th Cir. 1995), *abrogated in part on other grounds by Wilderness Soc'y*, 630 F.3d 1173 (9th Cir. 2011). A proposed intervenor is adequately represented only if "(1) the interests of the existing parties are such that they would undoubtedly make all of the non-party's arguments; (2) the existing parties are capable of and willing to make such arguments; and (3) the non-party would offer no necessary element to the proceeding that existing parties would neglect." *Sw. Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1153–54 (9th Cir. 1998). Comparison of the proposed intervenor's interests with the interests of existing parties is the most important factor. *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011). This prong is satisfied where a movant's interests are "potentially more narrow than the public's at large" and where government representation of those interests "'*may*

WESTLANDS WATER DISTRICT,
ET AL.'S NOTICE OF MOTION            - 20 -                    2:26-CV-00671-AC
AND MOTION TO INTERVENE

50589587.7

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

*have been* inadequate.'" *Allied Concrete & Supply Co. v. Baker*, 904 F.3d 1053, 1068 (9th Cir. 2018) (quoting *Californians for Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998) (emphasis added in *Allied Concrete*).

Here, Westlands' interest in the CVP is distinguishable from the positions on the CVP represented by Plaintiffs or Federal Defendants. Westlands is not only the largest CVP contractor on the system, it holds more than half of the contractual entitlements to CVP South-of-Delta water supply. Febbo Decl. ¶ 8. Plaintiffs are requesting the court impose restrictions on the manner in which Reclamation operates the CVP that will impact CVP diversions from the Delta to Westlands. Reclamation and NMFS presumably will defend their compliance with the ESA, but do not share Westlands' interests in CVP water for agricultural, municipal, and industrial uses in its service area. This court has specifically recognized that the interests of Westlands and Reclamation diverge given Reclamation's responsibilities to other water contractors and parties, and therefore Reclamation cannot adequately represent Westlands interests. *Hoopa Valley Tribe v. U.S. Bureau of Reclamation*, 648 F.Supp.3d 1196, 1204 (E.D. Cal. 2022) (granting Westlands' motion to intervene under Rule 24(a)).

Additionally, the Federal Defendants are responsible for fulfilling their legal obligations to manage water resources to meet the purposes of the CVP and in accordance with applicable law, rather than having actual interests in the use of the water. If Plaintiffs prevail, Westlands and its water users would suffer the economic consequences of the CVP's reduced ability to deliver water under contracts with Westlands, not NMFS or Reclamation. The economic impact starts with Westlands' growers and radiates to surrounding communities. When Westlands receives less water from the CVP, it is able to produce fewer crops and its overall impact on the regional economy diminishes. Febbo Decl. ¶ 11. In addition to less income from the farms within Westlands, this means fewer jobs, negative public health impacts, and lower government revenues impacting local jurisdictions' ability to pay for services including education, roads, and water infrastructure. *Id*. at ¶ 12. Reclamation's primary interest is in management of water supplies rather than use. *See Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th

WESTLANDS WATER DISTRICT, ET AL.'S NOTICE OF MOTION AND MOTION TO INTERVENE

- 21 -

2:26-CV-00671-AC

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

50589587.7

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

Cir. 2002) (finding that an entity "with economic interests in the use" of water has different interests from a federal defendant with a primary interest in the management of water). To the extent Reclamation is interested in water use, its interests are varied including uses of water for protection, restoration and enhancement of fish and wildlife, CVPIA § 3406(a), whereas Westlands' interest are focused primarily on consumptive uses of water, including irrigation and municipal and industrial use. The Defendants cannot be expected to adequately represent the concerns of Westlands. *See Southwest Center*, 268 F.3d at 823 (noting that FWS, "a federal agency . . . cannot be expected under the circumstances presented to protect these private interests [of the proposed Intervenor]"); *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994) (permitting timber industry to intervene as defendants in case brought against the government by environmental groups because "[t]he government must represent the broad public interest, not just the economic concerns of the timber industry"). Given its diverging interests with the federal government, Westlands has successfully intervened in numerous prior cases challenging decisions by Reclamation. *See* Section III.A.2, *supra* at 17.

In conclusion, Westlands meets all the requirements for intervention as of right and therefore respectfully requests this Court grant intervention as of right pursuant to Rule 24(a).

**B.     In the Alternative, Westlands Should be Granted Permissive Intervention**

Given its interests in this case, Westlands meets the standard for intervention as of right under Rule 24(a) and intervention on this basis is most appropriate here. Nonetheless, Rule 24(b) also provides broad discretion to district courts to grant permissive intervention, stating in pertinent part that "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). So long as an applicant's motion is timely and its "claim or defense and the main action have a question of law or fact in common," a court may grant permissive intervention. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110 (9th Cir. 2002) (quoting Rule 24(b)) *abrogated in part on other grounds by Wilderness Soc'y*, 630 F.3d

WESTLANDS WATER DISTRICT,
ET AL.'S NOTICE OF MOTION                          - 22 -                          2:26-CV-00671-AC
AND MOTION TO INTERVENE

50589587.7

1173 (9th Cir. 2011). The Ninth Circuit has noted that unique interest and expertise on an issue, as well as likelihood of unique arguments from an intervenor, supported granting of permissive intervention. *Defs. of Wildlife v. U.S. Fish & Wildlife Serv.*, No. 21-16382, 2022 WL 3656444 (9th Cir. Aug. 24, 2022) (finding District Court failed to consider their unique interests and expertise, and that the current parties would not undoubtedly make all of the same arguments as proposed intervenors).

Westlands satisfies all the requirements for permissive intervention. As discussed above, this motion is timely. Westlands' defenses raise common questions with the Plaintiffs' action, insofar as Westlands seeks to defend against Plaintiffs' action together with the Defendants. Furthermore, granting intervention will not unduly delay or prejudice the other parties. The Defendants have not yet filed an answer, and an initial case management conference has not yet been held.

Westlands was granted permission to intervene in a challenge to the 2019 biological opinions, the prior iteration of the 2024 BiOp at issue here. *See Pac. Coast Fed'n of Fisherman's Ass'ns et al. v. Ross et al*, Case No. 3:19-cv-07897 (N.D. Cal 2019); *Cal. Nat. Res. Agency v. Ross et al.*, Case No. 1:20-cv-00426. The order granting intervention noted Westlands has been permitted to intervene in multiple cases discussing biological opinions related to the CVP. *Cal. Nat. Res. Agency v. Ross et al.*, Case No. 1:20-cv-00426, ECF No. 65, at 4 (E.D. Cal. Apr. 22, 2020) (referencing *Pac. Coast Fed'n of Fishermen's Ass'ns v. Gutierrez*, 1:06-CV-00245-OWW-GSA (ECF No. 45)).

Permissive intervention is also warranted pursuant to Rule 24(b)(2), inasmuch as Westlands is a public agency of the State of California seeking intervention based on (a) application of section 4004 of the WIIN Act, providing Westlands an opportunity to engage in the ESA consultation process, and (b) an agreement, Westlands' repayment contracts, made under the California Water Code section 35875, providing for water service from the United States.

In the alternative to intervention as of right, therefore, the Court should exercise its discretion to allow intervention by Westlands pursuant to Rule 24(b).

WESTLANDS WATER DISTRICT,
ET AL.'S NOTICE OF MOTION                    - 23 -                    2:26-CV-00671-AC
AND MOTION TO INTERVENE

50589587.7

## IV.    **CONCLUSION**

For the foregoing reasons, Westlands respectfully requests that this Court grant the District intervention as a matter of right, or in the alternative, permissive intervention.

Dated: March 20, 2026          BROWNSTEIN HYATT FARBER SCHRECK, LLP


By: */s/ Elisabeth L. Esposito*
      Elisabeth L. Esposito

Attorneys for Proposed Defendants-Intervenor Westlands Water District, Westlands Water District Distribution District No. 1, and Westlands Water District Distribution District No. 2

WESTLANDS WATER DISTRICT, ET AL.'S NOTICE OF MOTION AND MOTION TO INTERVENE                    - 24 -                    2:26-CV-00671-AC

50589587.7

**CERTIFICATE OF SERVICE**

I, Elisabeth L. Esposito, hereby certify that on March 20, 2026, I caused the foregoing to be served upon counsel of record through the Court's electronic service system.

Dated this 20th day of March, 2026.

/s/ *Elisabeth L. Esposito*
Elisabeth L. Esposito

WESTLANDS WATER DISTRICT,
ET AL.'S NOTICE OF MOTION                    - 25 -                    2:26-CV-00671-AC
AND MOTION TO INTERVENE

50589587.7