IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL ET AL., | CASE NO.  2:26-CV-00671-JLT-EPG |
| Plaintiff(s), | **SCHEDULING CONFERENCE ORDER** |
| | Response(s) to Plaintiffs' Amended Complaint:   8/12/2026 |
| v. | Production of Administrative Records:   8/21/2026 |
| U.S. BUREAU OF RECLAMATION ET AL., | Plaintiffs disclose to Defendants any materials they assert are necessary to supplement or complete the administrative records:   9/10/2026 |
| Defendant(s). | Defendants produce corrected Administrative Records(s), if necessary:   10/1/2026 |
| | Plaintiffs File Motion Seeking to Complete, Supplement, or Augment the Administrative Record(s), if necessary:   10/16/2026 |
| | Defendants File Opposition to Motion Seeking to Complete, Supplement, or Augment the Administrative Record(s):   10/30/2026 |
| | Plaintiffs File Reply in Support of Motion Seeking to Complete, Supplement, or Augment the Record(s):   11/9/2026 |
| | Plaintiffs File Motion for Summary Judgment:   10/23/2026 |

1

Defendants File Opposition to Plaintiffs' Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment and Motion to Strike, if necessary:     12/18/2026

Plaintiffs File Reply in support of Summary Judgment and Opposition to Defendants' Cross-Motion for Summary Judgment, and Opposition to Motion to Strike, if necessary:     1/29/2027

Defendants' File Reply in Support of Cross-Motion for Summary Judgment, and Reply in Support of Motion to Strike, if necessary:                    2/26/2027

This Court conducted a scheduling conference on 6/18/2026.  Counsel Harrison Beck appeared telephonically on behalf of Plaintiffs Center for Biological Diversity; Friends of the River.  Counsel Eric Buescher, Christina Ralston, and Harrison Beck appeared telephonically on behalf of Plaintiffs for San Francisco Baykeeper.  Counsel Kamela Caschette and Caitlyn Cook appeared telephonically on behalf of Defendants U.S. Bureau of Reclamation; National Marine Fisheries Service; Doug Burgum; Howard Lutnick; Scott Cameron. Counsel Daniel O'Hanlon appeared telephonically on behalf of Defendants Intervenor Defendant San Luis & Delta Mendota

2

Water Authority. Counsel Mary Loum appeared telephonically on behalf of Defendants Intervenor Defendant Westlands Water District. Counsel Jenna Mandell-Rice appeared telephonically on behalf of Defendants Intervenor Defendant State Water Contractors. Pursuant to Fed. R. Civ. P. 16(b), this Court sets a schedule for this action.

## I.      **Schedule**

Pursuant to the parties' joint request, the Court enters the following deadline in this case:

| | |
|---|---|
| **8/12/2026** | Response(s) to Plaintiffs' Amended Complaint |
| **8/21/2026** | Production of Administrative Records |
| **9/10/2026** | Plaintiffs disclose to Defendants any materials they assert are necessary to supplement or complete the administrative records |
| **10/1/2026** | Defendants produce corrected Administrative Records(s), if necessary |
| **10/16/2026** | Plaintiffs File Motion Seeking to Complete, Supplement, or Augment the Administrative Record(s), if necessary |
| **10/30/2026** | Defendants File Opposition to Motion Seeking to Complete, Supplement, or Augment the Administrative Record(s) |
| **11/9/2026** | Plaintiffs File Reply in Support of Motion Seeking to Complete, Supplement, or Augment the Record(s) |
| **10/23/2026** | Plaintiffs File Motion for Summary Judgment. 10/23/2026 or 30 days following order on Plaintiffs' Motion Seeking to Complete, Supplement, or Augment the Administrative Record(s) |
| **12/18/2026** | Defendants File Opposition to Plaintiffs' Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment and Motion to Strike, if necessary. 12/18/2026 or 56 days following Plaintiffs' Filing of their Motion for Summary Judgment. |
| **1/29/2027** | Plaintiffs File Reply in support of Summary Judgment and Opposition to Defendants' Cross-Motion for Summary Judgment, and Opposition to Motion to Strike, if necessary. 1/29/2027 or 42 days following Defendants' Filing of their Motion for Summary Judgment. |
| **2/26/2027** | Defendants' File Reply in Support of Cross-Motion for Summary Judgment, and Reply in Support of Motion to Strike, if necessary. 2/26/2027 or 28 days following Plaintiffs' Filing of their Reply in support of Summary Judgment and Opposition to Defendants' Cross- |

Motion for Summary Judgment.[1]

## II.    Dates for Filing Briefs

Parties have requested that the Court set a briefing schedule for the parties to file cross-motions for summary judgment. All motions will be set before United States District Judge Jennifer L. Thurston. The Court will advise the parties if a hearing on any motion is required after reviewing the briefing. Given the nature of this case, the parties are not required to submit a joint statement of undisputed facts when filing motions for summary judgment. However, prior to filing such motion, the parties are ordered to meet, in person or by telephone, and discuss the issues to be raised in the motion at least twenty-one days prior to filing the motion. The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; and 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion. 6) Within 14 days after ruling of intervention is granted, parties are to meet and confer regarding briefing schedule.

## III.    Informal Discovery Conference

In order to file a motion involving a discovery dispute, *see* Fed. R. Civ. P. 26 through 37 and 45,[2] a party must receive permission from the Court following an informal telephonic discovery dispute conference.  However, non-parties challenging a subpoena under Fed. R. Civ. P. 45 are not required to request an informal conference before filing a motion.

Moreover, as discussed during the scheduling conference, the parties do not need to seek permission to file motions related to whether Plaintiffs may seek discovery beyond the Administrative Record.

---

[1] The Court notes that numerous motions to intervene remaining pending before the District Judge.  (ECF No. 6, 11, 25, 32).  To the extent the District Judge grants any motions to intervene, the parties are directed to promptly meet and confer and, within 14 days after the District Judge's order, propose a schedule that includes any briefing permitting by such Intervenor Defendants.  However, the parties should endeavor to incorporate such briefing within the current schedule to the extent possible.

[2] The Court construes "discovery dispute" broadly, which includes, but is not limited to, disputes regarding written discovery, oral depositions, physical and mental examinations, and protective orders.

A party wishing to schedule such a conference should contact chambers to receive available dates. The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue.

Prior to the conference, the parties shall simultaneously file an Informal Discovery Dispute Letter Brief, outlining their positions regarding the dispute. Such briefs shall be no longer than three pages single-spaced, and may include up to five pages of exhibits. The Court will provide the date and time the Letter Briefs are due at the time the conference is scheduled.

At the time of conference, the parties shall (1) dial 1-669-254-5252, (2) enter 161 733 0675 for the meeting ID followed by #, (3) enter # when asked for the participant ID, (4) enter 740484 for the meeting passcode followed by #, and (5) enter *6 to unmute. The Court will not issue a formal ruling at that time. Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute. If no resolution can be reached without formal motion practice, the Court will authorize the filing of a formal discovery motion.

### 1.    *Filing a Discovery Motion*

If a discovery motion, *see* Fed. R. Civ. P. 26 through 37 and 45, is brought after receiving permission from the Court, the parties must prepare and file a Joint Statement re: Discovery Disagreement ("Joint Statement") as required by Local Rule 251.[3] In scheduling such motions, Magistrate Judge Grosjean may grant applications for an order shortening time pursuant to Local Rule 144(e). If a party does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

A Joint Statement not to exceed twenty-five (25) pages must be filed at least fourteen (14) days before the scheduled hearing date. Prior to the filing of the Joint Statement, the parties must meet and confer as set forth in Local Rule 251(b). Motions may be removed from the Court's calendar if the Joint Statement is not timely filed, or if courtesy copies are not timely delivered.

### IV.    Settlement Conference

Although one has not been set at this time, the parties may file a joint written request for a

---

[3] Certain limited exceptions from filing the required Joint Statement are outlined in Local Rule 251(e).

settlement conference if they believe that such a conference would be fruitful.

**V.      Compliance with Federal Procedures**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California and to keep abreast of any amendments thereto.  The Court requires strict compliance with these rules. Sanctions will be imposed for failure to follow the rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

**VI.     Effect Of This Order**

This order represents the Court and the parties' best estimated schedule to complete this case.  Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

***The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.*** Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.  Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:    **June 18, 2026**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE