**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAN FRANCISCO BAYKEEPER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BUREAU OF RECLAMATION, et al.,<br><br>Defendants. | Case No. 2:26-cv-0671 JLT EPG<br><br>ORDER GRANTING MOTION TO INTERVENE IN PART; ALLOWING APPLICANT TO PERMISSIVELY INTERVENE WITH CONDITIONS<br><br>(Doc. 88) |

On July 2, 2026, the Court allowed several public entities that make use of water delivered by the cooperatively managed federal Central Valley Project (CVP) and/or California's State Water Project (SWP) to permissively intervene in this matter pursuant to Fed. R. Civ. P. 24(b), with conditions. (Doc. 56.) On August 14, 2026, another water user, the Contra Costa Water District, filed a separate motion to intervene. (Doc. 88.) After the parties met and conferred, CCWD represents that no party objects to its intervention on the same terms as the prior applicants. (Doc. 88 at 2; Doc. 88-2.) The Court incorporates by reference the background and legal standards from its prior intervention order. (Doc. 56).

CCWC meets the threshold requirements for permissive intervention, which are: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and

fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843–44 (9th Cir. 2011). As with the other intervenors, CCWD does not intend to bring independent claims, so the first element (independent ground for jurisdiction) "drops away." *Id*.

CCWD's motion is also timely. This lawsuit was initiated on March 3, 2026. (Doc. 1.) Though some substantive activity has taken place, including the briefing and denial of a motion for preliminary injunction (*see* Doc. 82), the case is still in its infancy. *See e.g., Sawyer v. Bill Me Later, Inc*., No. CV 10-04461 SJO (JCGx), 2011 WL 13217238, at *3 (C.D. Cal. Aug. 8, 2011) (intervention timely even though filed one year after commencement of suit because the defendant had yet to answer, depositions had been noticed or taken, document discovery had only recently begun, and the discovery had been narrowly focused on two limited issues). Moreover, the preliminary injunction did not directly address issues about which CCWD has unique interests.

Finally, CCWD's proposed answer offers responses and defenses that demonstrate their participation will address the same questions of law and fact already before the Court. (*See* Doc. 88-3.) These and similar parties have been permitted to intervene in numerous previous disputes over biological opinions covering the Water Projects. *See, e.g., Natural Res. Defense Council v. Bernhardt*, 1:05-CV-1207 DAD EPG (Doc. 213); *Pacific Coast Fed'n of Fishermen's Ass'ns v. Gutierrez*, 1:06-CV-00245 OWW GSA (Doc. 45); *Golden Gate Salmon Ass'n v. Ross*, 1:17-cv-01172 LJO EPG (Doc. 34); *Ross*, 2020 WL 13580844; *Hoopa Valley Tribe v. United States Bureau of Reclamation*, 648 F. Supp. 3d 1196 (E.D. Cal. 2022).

Once the threshold requirements are met, the Court may consider a wide range of factors in making its discretionary decision on the issue of permissive intervention, including the "nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case." *Spangler v. Pasadena City Bd. Of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977). In addition, the Court may consider "whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking invention

will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Id.* at 1329.

As to CCWD, no party argues the "*Spangler* factors" counsel against permissive intervention. CCWD's interests diverge from those of the Federal Defendants and existing Defendant Intervenors because they operate unique facilities in the Delta that are subject to specific management provisions challenged by Plaintiffs in this lawsuit. (*See* Declaration of Deanna Sereno, Doc. 88-1, ¶ 19.) CCWD's unique interests thus relate directly to the merits of the case. Moreover, there is no dispute that CCWD has standing to pursue those interests. The Court therefore finds that it is appropriate to permit CCWD to permissively intervene and declines to address the alternative request for intervention of right. *Cf Cal. Nat. Res. Agency v. Ross*, No. 1:20-CV-00426 DAD EPG, 2020 WL 13580844, at *2 (E.D. Cal. Apr. 23, 2020) (where permissive intervention was not contested, declining to address intervention as of right while also prohibiting duplicative briefing).

However, as mentioned in its prior intervention order, in this Court's experience, the presence of multiple groups of intervenors continues to unnecessarily multiply the proceedings. Thus, the Court will impose the same conditions on CCWD that apply to the other intervenors.

**CONCLUSION AND ORDER**

For the reasons set forth above,

(1) The motion to intervene (Doc. 88) is **GRANTED IN PART**. CCWD shall be permitted to permissively intervene pursuant to Fed. R. Civ. P. 24(b). Within 7 days of the date of this order, it **SHALL** file its answer on the docket.

(2) To reiterate the previously imposed conditions: The Parties **SHALL** meet and confer to establish a revised schedule for any future motions practice that allows time for Defendant Intervenors to review Federal Defendants' briefs and then submit to the Court a proposal that specifies the arguments/issues Defendant Intervenors intend to brief, their position(s) on why that additional information is both relevant and necessary to the fair disposition of the case, and the number of pages they require to articulate those issues.

(3) Considering this ruling, the deadline for the parties to meet and confer to establish a revised proposed schedule for any future motions practice that conforms to the Court's instructions regarding intervention is **CONTINUED** to September 18, 2026.

IT IS SO ORDERED.

Dated: _August 24, 2026_

UNITED STATES DISTRICT JUDGE